```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 12-60204-CR-ZLOCH
```

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                              **O R D E R**

STACIE WEISMAN,

      Defendant.

_____/

      THIS MATTER is before the Court upon the Report And Recommendation (DE 166) filed herein by United States Magistrate Judge Patrick M. Hunt.  The Court has conducted a de novo review of the entire record herein and is otherwise fully advised in the premises.

      In his Report And Recommendation (DE 166), Magistrate Judge Hunt recommends that Defendant Stacie Weisman's Motion To Alter Or Amend The Court's Amended Order Of Forfeiture (DE 155) be granted in part and denied in part.  Magistrate Judge Hunt recommends that the instant Motion (DE 155) be granted only to the extent that the money judgment of $515,000.00 be reduced to $450,000.00 to reflect the $65,000.00 credit as contemplated by Co-Defendant Saidel's Plea Agreement (DE 53).  Liability for the money judgment is joint and several between Defendant Weisman and her Co-Defendants.  In all other respects, Magistrate Judge Hunt recommends that the Motion (DE 155) be denied.

      Defendant Weisman states, in her Objections (DE 167), that "it was Weisman's understanding, and the parties' intention, that the jewelry assets forfeited by Weisman in the instant criminal case,

listed in Exhibit A, would not be used to offset the money judgment, but that the unrecovered jewelry and monetary payments not included in Exhibit A would satisfy any separate money judgment against Weisman." p. 2. However, this interpretation flies in the face of the express language of the Plea Agreement (DE 58). As Magistrate Judge Hunt states, "In sum, it is clear from both the plea agreement and the plea colloquy transcript that Defendant assented to two separate forfeitures, the recovered jewelry in Exhibit A and the money judgment." DE 166, p. 6. The Court adopts Magistrate Judge Hunt's reasoning and conclusions as set forth in the Report And Recommendation (DE 166), with the following point of clarification with respect to the interpretation of ¶¶ 14 and 15 of Defendant Weisman's Plea Agreement (DE 58).

Paragraph 14 of the Plea Agreement (DE 58) states that the vehicles by which Defendants perpetrated their crime, that is the physical assets listed in Exhibit A, "but not limited," to these named assets, are forfeited to the Government. As the quoted language makes clear, just because an asset is not expressly listed in Exhibit A does not mean that it is not subject to this paragraph. Paragraph 15 of the Plea Agreement (DE 58), however, contemplates not the recovery of physical assets, listed in Exhibit A or otherwise, but rather a money judgment with respect to proceeds obtained through Defendants' illegal conduct. Thus, the sale or liquidation of the assets in Paragraph 14 is separate and distinct from the money judgment in Paragraph 15, which strips Defendants of their profits, and is not to be setoff by the sale of any recovered items. Thus, Defendant Weisman should receive no

credit toward the money judgment in Paragraph 15 merely because a forfeited item is sold for more than its estimated value.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Stacie Weisman's Objections To Magistrate Judge's Order (DE 167) be and the same are hereby **OVERRULED**;

2. The Report And Recommendation (DE 166) filed herein by United States Magistrate Judge Patrick M. Hunt be and the same is hereby approved, adopted, and ratified by the Court;

3. Defendant Stacie Weisman's Motion To Alter Or Amend The Court's Amended Order Of Forfeiture (DE 155) be and the same is hereby **GRANTED** in part, and **DENIED** in part, in accord with the terms set forth in the Report And Recommendation (DE 166);

   a. In so far as Defendant Weisman seeks that the money judgment be reduced to $450,000.00, the Motion (DE 155) be and the same is hereby **GRANTED**; and

   b. In all other respects, Defendant Weisman's Motion (DE 155) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of October, 2015.

                                            WILLIAM J. ZLOCH
                                            United States District Judge

Copies furnished:

The Honorable Patrick M. Hunt
United States Magistrate Judge

All Counsel of Record